IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> S.T.L. I, INC., D/B/A/ J'S SEAFOOD ) <br> RESTAURNAT OF PANAMA CITY ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NUMBER: <br> _____ <br> <br> **COMPLAINT** <br> **WITH JURY DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Miranda Burkett and Heather Percy who were adversely affected by such practices. As alleged with greater particularity in paragraphs six (6) through twelve (12) below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant S.T.L. I. Inc., d/b/a J's Seafood Restaurant of Panama City ("Defendant" or "J's Seafood")

- 1 -

discriminated against Miranda Burkett and Heather Percy when it discharged them because they were pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections §§ 703(a) and 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Panama City Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a Florida corporation, has continuously been doing business in the State of Florida and the City of Panama City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Miranda Burkett ("Burkett") and Heather Percy ("Percy") filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about October 23, 2011, Defendant engaged in unlawful employment practices at its Panama City, Florida location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by discharging Burkett and Percy because they were pregnant.

8. Defendant terminated Burkett and Percy on or about October 23, 2011.

9. At the time of their termination, Burkett and Percy were pregnant female employees.

10. At the time of their termination, Burkett and Percy were qualified for the positions they held with Defendant, and were performing their duties in a satisfactory manner.

11. Defendant informed Burkett and Percy that it was terminating them because their pregnancies caused them to be a liability to the company, and a safety hazard.

12. Defendant treated Burkett and Percy less favorably than similarly situated employees who were not pregnant.

13. The effect of the practice(s) complained of in paragraphs six (6) through twelve (12) above has been to deprive Burkett and Percy of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Burkett and Percy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on sex and pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees without regard to sex and pregnancy, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Burkett and Percy whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D.  Order Defendant to make whole Burkett and Percy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs six (6) through twelve (12) above, including, but not limited to, any relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Burkett and Percy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs six (6) through twelve (12)  above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F.  Order Defendant to pay Burkett and Percy punitive damages for its malicious and reckless conduct described in paragraphs six (6) through nine (9) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE  BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

/s/ GERALD L. MILLER
Senior Trial Attorney
(AL Bar No.: ASB-1454-E52G)
205-212-2047
gerald.miller@eeoc.gov

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041
